**YAIR GRANADOS Joaquin, Jose Heriberto Escobedo Camargo, and Janet Herrera Rubio, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**Alfredo HINOJOSA and The Coliseum Inc dba El Coliseo and The Coliseum of Austin, Defendants.**

CAUSE NO. A–15–CV–787–LY

United States District Court, W.D. Texas, Austin Division.

Signed November 28, 2016

Austin Harris Kaplan, Kaplan Law Firm, PLLC, Aaron Michael Johnson, Anna Bocchini, Austin, TX, for Plaintiffs.

Todd J. Liles, John W. Bowdich, The Willis Law Group, PLLC, Dallas, TX, for Defendants.

## ORDER ON PLAINTIFFS' AMENDED MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND NOTICE TO CLASS

LEE YEAKEL, UNITED STATES DISTRICT JUDGE

Before the court are Plaintiffs' Amended Motion for Conditional Certification of Collective Action and Notice to Class filed September 12, 2016 (Doc. # 57); Defendants' Response to Plaintiffs' Amended Motion for Conditional Certification of Collective Action and Notice to Class and Request for Evidentiary Hearing filed September 19, 2016 (Doc. # 60); and Plaintiffs' Reply in Support of their Amended Motion for Conditional Certification of Collective Action and Notice to Class filed September 26, 2016 (Doc. # 66).

Also before the court are Defendants' Motion to Compel Depositions of Plaintiffs, or in the Alternative, Motion to Alter Phase 1 Scheduling Order filed October 7, 2016 (Doc. # 72); Plaintiffs' Response to Defendants' Motion to Compel Depositions of Plaintiffs, or in the Alternative, Motion to Alter Phase 1 Scheduling Order filed October 14, 2016 (Doc. # 73); and Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Compel Depositions of Plaintiffs, or in the Alternative, Motion to Alter Phase 1 Scheduling Order filed October 20, 2016 (Doc. # 77).

By his motion, Plaintiffs move for conditional certification of themselves and other similarly-situated individuals who were employed by Defendants as bartenders or barbacks at The Coliseum of Austin, aka El Coliseo, Austin, Texas, during any period from July 23, 2012 to the present. Plaintiffs allege that Defendants violated the Fair Labor Standards Act by paying them and other bartenders and barbacks hourly wages less than the federal minimum of $7.25 per hour in violation of federal minimum-wage requirements, failing to pay Plaintiffs and other bartenders and barbacks for all the hours they worked, failing to follow the requirements necessary to authorize a "tip credit" to reduce minimum wage obligations, and requiring bartenders to share tips with barbacks who do not customarily and regularly receive tips. Having reviewed the motion, response, and reply, the case file, and governing law, the court concludes that Plaintiffs' amended motion for conditional certification should be granted.

The Fair Labor Standards Act ("FLSA") permits employees to bring an action against their employers for violation of its wage and hour provisions. *See* 29 U.S.C. § 216. Section 216(b) also permits an employee to bring an action against his employer on "behalf of himself ... and other employees similarly situated." The requirement that Plaintiffs be "similarly situated" for collective treatment "does not necessarily mean identically situated." *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 507 (M.D. La. 2005); *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiffs bear the burden of demonstrating that they are similarly situated. *See Tice v. AOC Senior Home Health Corp.*, 826 F.Supp.2d 990, 995 (E.D. Tex. 2011). Determining whether collective treatment is appropriate is within the court's discretion. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90–91, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

Although the FLSA provides little procedural guidance for representative actions, the United States Supreme Court has held that district courts have discretionary authority to implement the representative-action process by facilitating notice to potential plaintiffs, *i.e.*, to persons alleged to be "similarly situated" to the named plaintiffs. *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Determining whether a claim should go forward as a representative action under Section 216(b) requires the court to determine that the plaintiffs are "similarly situated," generally using one of two analyses: (1) a two-step analysis described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987), or (2) a "spurious class action" analysis described in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). *See Mooney*, 54 F.3d at 1216 (expressly declining to decide which of the two analyses is appropriate upon concluding that plaintiff had failed to satisfy standards of either analysis). Since *Mooney* district courts in the Fifth Circuit have uniformly used the

*Lusardi* approach to determine whether a collective should be certified under the FLSA. *See Tolentino v. C & J Spec–Rent Servs., Inc.,* 716 F.Supp.2d 642, 646 (S.D. Tex. 2010) (collecting cases). This court finds the *Lusardi* approach persuasive.

 Under *Lusardi,* a court will first make a determination of whether the plaintiffs are similarly situated at the "notice stage" in order to give notice of the action to potential class members. *Mooney,* 54 F.3d at 1213–14. This conditional class certification is largely based on the allegations set forth in the pleadings and affidavits and, for this reason, is governed by a lenient standard requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001). At this stage, courts generally refuse to consider a defendant's arguments on the merits. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Morales v. Thang Hung Corp.,* No. 4:08–2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009). If the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery. *See Badgett v. Texas Taco Cabana, L.P.;* No. Civ. A. H 05 3624, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006).

After the opt-in period ends, the second step of the *Lusardi* approach usually occurs. In most cases, the second-step determination is precipitated by a motion for decertification by the defendant, usually filed after discovery is largely complete and the matter is ready for trial. *Id.* At this stage, the court has much more information on which to base its decision, and may make a factual determination on the similarly-situated question. *Id.*

 Plaintiffs contend that the lenient initial requirements for conditional certification and notice are met, as Plaintiffs have made substantial allegations that they and other members of the proposed class never received the minimum wage for their work, were not paid for all the hours they worked, were never advised that Defendants intended to utilize a tip credit to offset wage obligations, and were required to participate in improper tip pooling. Plaintiff further contends that the job requirements of all bartenders and barbacks at The Coliseum of Austin are substantially similar, as the job duties were similar and all participated in the same tip pool.

Defendants respond that this case is inappropriate for collective treatment because Plaintiffs have not shown that the challenged policies were applied consistently to all members of the proposed class, making the individual circumstances of each employee too particularized to warrant collective certification. Further, Defendants assert that the wrongful practices Plaintiffs allege are not applicable to both bartenders and barbacks; thus, Plaintiffs are unable to assert widespread FLSA violations resulting from a common policy or plan.

These arguments fail to recognize that the decision to conditionally certify a class at the notice stage is lenient. *See Bernal v. Vankar Enter., Inc.,* No. 07–695, 2008 WL 791963, at *4 (W.D. Tex. March 24, 2008). At this point in the litigation, little or no discovery has been completed. Thus, the decision to certify is based only on the pleadings and affidavits submitted. *Id.* Plaintiffs alleges that Defendants implemented a uniform compensation policy which was applied to all bartenders and barbacks and which violated the FLSA. Evidence of similar job duties and of a

single policy has been held to be sufficient to conditionally certify a class. *Id.*

Plaintiffs' declarations corroborate Plaintiffs' allegations. The court finds the allegations, which are based on the personal knowledge and observations of Plaintiffs, are sufficient evidence of a common decision, policy, or plan of Defendants to entitle Plaintiffs to conditional certification of a class. *See Thiessen,* 267 F.3d at 1102. The fact that bartenders and barbacks are not identically situated does not bar their inclusion in the same conditional class. *See England,* 370 F.Supp.2d at 507. The court reiterates that this stage of a collective action under the FLSA involves only *conditional* certification of a class. Defendants will have ample opportunity to decertify the class following discovery, when the question before the court is whether Plaintiffs are, in fact, similarly situated.

In summary, the court finds that Plaintiffs have adequately met his burden for conditional certification. Therefore, the court will grant Plaintiffs' amended motion for conditional certification of collective action and notice to class.

**IT IS THEREFORE ORDERED** that Plaintiffs' Amended Motion for Conditional Certification of Collective Action and Notice to Class filed September 12, 2016 (Doc. # 57) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Request for Evidentiary Hearing filed September 19, 2016 (Doc. # 60) is **DENIED.**

**IT IS FURTHER ORDERED** that the following class is conditionally certified as a collective action under the Fair Labor Standards Act: all current or former employees who worked at The Coliseum of Austin, aka El Coliseo, in Austin, Texas, as bartenders or barbacks at any time from July 23, 2012 to the present.

**IT IS FURTHER ORDERED** that Defendants provide to Plaintiffs' counsel in Microsoft Excel format (.xlsx) the names, addresses, telephone numbers, email addresses, and dates of employment of all current and former tipped employees who worked as bartenders or barbacks at any time from July 23, 2012 to the present at The Coliseum of Austin, aka El Coliseo, in Austin, Texas (the "Class Members"), **on or before December 22, 2016.**

**IT IS FURTHER ORDERED** that Plaintiffs' counsel is authorized to send out the Notice and Consent to Join FLSA Unpaid Wages Lawsuit form, attached as Exhibit A to this order, to all Class Members. As shall be set forth in the notice, the Class Members shall have 60 days from the date Plaintiffs' counsel sends out the notices to join this case by returning the Consent to Joint FLSA Wages Lawsuit form by mail, postmarked by the date specified in the Notice, to Aaron Johnson, Equal Justice Center, 501 S. Congress Ave., Suite 206, Austin, Texas 78704, or electronically by the date specified in the Notice, to the URL provided in the Consent form.

**IT IS FURTHER ORDERED** that Plaintiffs may disseminate the Notice and Consent to Join FLSA Unpaid Wages Lawsuit form, attached as Exhibit A to this order, to all Class Members via mail, email, Facebook, and publication by radio.

**IT IS FURTHER ORDERED** that Defendants shall distribute the Notice and Consent to Join FLSA Unpaid Wages Lawsuit form, attached as Exhibit A to this order, with paychecks to current employees within fifteen (15) days after the date of this order or with the first paycheck thereafter.

**IT IS FURTHER ORDERED** that Defendants shall post the Notice and Consent to Join FLSA Unpaid Wages Lawsuit

form, attached as Exhibit A to this order, in a conspicuous place readily and routinely available for review by the Class Members at The Coliseum of Austin, aka El Coliseo, in Austin Texas for a period of ninety (90) days commencing ten (10) days after the date of this order.

**IT IS FURTHER ORDERED** that Defendants shall not email, mail, or use any other method of communication to directly or indirectly discuss any aspect of this lawsuit with any Class Member.

Having granted conditional certification,

**IT IS FINALLY ORDERED** that Defendants' Motion to Compel Depositions of Plaintiffs, or in the Alternative, Motion to Alter Phase 1 Scheduling Order filed October 7, 2016 (Doc. # 72) is **DENIED.**

Exhibit A

# COURT NOTICE OF YOUR RIGHT
## To Claim Unpaid Wages from
## El Coliseo/The Coliseum of Austin

### Does This Affect Me?

You might be owed money for unpaid wages if you worked as a tipped bartender or barback at El Coliseo/The Coliseum of Austin at any time after July 23, 2012.

### What Is This About?

The workers who brought this case say that:
- Management kept some of their tips.
- They weren't paid for all of the hours they actually worked.

If any of these things happened to you, *this is your notice to file a claim.*

The owners deny all of this. The Court will not decide who is right until later.

The workers may receive money if they win at trial or settle with the night clubs.

### What If I Don't Have Papers?

You have the right to file a claim *regardless of your immigration status.* The court *will not* allow anyone to:
- Ask whether you are documented.
- Threaten or try to scare you.
- Report you to immigration enforcement.

### What Happens If I File A Claim?

If the workers win, you may receive money. If the workers lose, you cannot sue the nightclubs again.

You *will not* have to pay the lawyers *anything* out of your pocket. You might have to answer questions or provide evidence, if you have any.

### What Happens If I Don't File A Claim?

You will not receive any money from this lawsuit.

If you are owed wages, you could sue the night clubs on your own if you file within the deadline.

### How Do I File A Claim?

Fill out the Consent and Information forms:
- online at [insert URL] or
- return the attached forms by mail or email.

*You must return the forms by __[date]_____.*
The longer you wait to file, the less money you will be allowed to claim.

### What If I Have Questions?

For more information, contact the workers' attorneys for a free, confidential consultation:

**Aaron Johnson, Attorney**
**EQUAL JUSTICE CENTER**
**(512) 474-0007, ext. 104**
ajohnson@equaljusticecenter.org
www.equaljusticecenter.org

**Austin Kaplan, Attorney**
**KAPLAN LAW FIRM, PLLC**
**(512) 553-9390**
akaplan@kaplanlawatx.com
www.kaplanlawatx.com

## The United States District Court in Austin, Texas approved this Notice but takes no position on the merits of the case.

Exhibit A

**PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:**

This information will not be made part of any public record and is necessary for your attorney's files for litigation and possible settlement purposes.

Name:_____

Any other Name(s) used or known by:

_____

Street Address: _____

Mailing Address: _____

City, State & Zip Code: _____

Daytime Telephone: _____

Evening Telephone: _____

Cellular Telephone: _____

E-Mail Address: _____

1. Complete, sign, and mail OR email this Consent Form to:

 Aaron Johnson
 Equal Justice Center
 510 S. Congress Ave., Ste. 206
 Austin, Texas 78704
 Phone: (512) 474-0007, ext. 104
 Fax: (512) 474-0008
 E-mail: ajohnson@equaljusticecenter.org

**OR**

2. Submit these form electronically at [insert URL].

590

## CONSENT TO JOIN FLSA UNPAID WAGES LAWSUIT

I agree to join the lawsuit filed by Yair Granados Joaquin, Heriberto Escobedo Camargo, and Janet Herrera Rubio ("Named Plaintiffs"), on behalf of themselves and all other employees with the same or similar claims, to recover unpaid wages, tips, liquidated damages, attorneys' fees, and costs from The Coliseum of Austin, aka El Coliseo.

I agree to allow the Named Plaintiffs to make decisions on my behalf in this case, including entering into settlement agreements, entering into agreements with plaintiff's counsel concerning attorneys' fees and costs, and all of the decisions that the plaintiffs in this case need to make.

I understand that the Named Plaintiffs have entered into a Representation Agreement ("Agreement") with the Kaplan Law Firm, PLLC and the Equal Justice Center ("Law Firms"), and I agree to be bound by it. I understand that the Law Firms will send me a copy of the Representation Agreement, or I can request a copy.

I understand and agree that the Law Firms or the Named Plaintiffs may in the future appoint other individuals to be Named Plaintiffs. I also understand and agree that this consent may be used in the current case or in any subsequent case that may be filed on my behalf for the same issues.

By choosing to file this consent, I understand that I will be bound by the judgment of the court and any settlement that may be negotiated on behalf of all Plaintiffs.